UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DARNEY RIVERS,

                        Plaintiff,                       **ORDER**
                                                         23-CV-8670 (PKC) (PK)
  -against-

REUBEN S. INGBER, M.D.,

                        Defendant.
-----------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

        Plaintiff Darney Rivers ("Plaintiff") filed this *pro se* action on November 13, 2023 in the United States District Court for the Southern District of New York. (*See* Dkt. 1.) He did not submit the filing fees and instead submitted an application to proceed *in forma pauperis* ("IFP"). (*See* Dkt. 2.) The case was transferred to this Court on November 22, 2023. (*See* Dkts. 4 & 5.)

## DISCUSSION

        Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350 plus, at the time Plaintiff filed his complaint ("Complaint"), an administrative fee of $52,[1] for a total of $402. 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915, the Court may waive the filing fees upon finding a plaintiff indigent. 28 U.S.C. § 1915. The statute is "intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). "The purpose of the statute permitting litigants to proceed IFP is to [e]nsure that indigent

---

[1] Effective December 1, 2023, the administrative fee for civil actions filed in the United States District Court for the Southern District of New York and in this District increased from $52 to $55 for all actions filed on or after December 1, 2023. *See* Fee Schedule and Related Information, U.S. DIST. CT. FOR THE S. DIST. OF N.Y., https://www.nysd.uscourts.gov/programs/fees (last visited Dec. 11, 2023); Court Fees, U.S. DIST. CT. FOR THE E. DIST. OF N.Y., https://www.nyed.uscourts.gov/court-fees (last visited Dec. 11, 2023). Since this action was filed on November 13, 2023 (Dkt. 1), the administrative fee of $52 applies here.

persons have equal access to the judicial system." *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hosp. Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)).

To qualify for IFP status, a plaintiff must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). A court may deny an IFP motion if it determines that the plaintiff's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Chowdhury v. Sadovnik*, No. 17-CV-2613 (PKC), 2017 WL 4083157, at *1 (E.D.N.Y. Sept. 14, 2017) (collecting cases).

In the instant case, Plaintiff's IFP application does not allege indigency that would entitle him to proceed without the prepayment of fees. In his request to proceed IFP, Plaintiff indicates that he applies for grant funding via a non-profit organization and "get[s] paid to [perform] live shows" as a "performa[n]ce artist." (Dkt. 2, at ECF2 2.) He also states that he has $5,000 in cash or in a checking or savings account. (*Id.*) In addition, Plaintiff states that he pays $1,500 per month in rent and $100 per month in transportation. (*Id.*) Plaintiff claims no other assets, no dependents, and no other financial liabilities. (*Id.*) Based on this information, the Court finds that Plaintiff's financial declaration does not support a showing of indigency, and thus the application to proceed IFP is denied.

Should Plaintiff wish to proceed with this lawsuit, he is directed to pay the $402 fee to the Clerk of Court of the Eastern District of New York within 14 days from the date of this Order. If

---

[2] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

2

Plaintiff fails to submit the filing fee within the time allowed, or to present credible evidence of indigency, the action shall be dismissed without prejudice.

Should Plaintiff timely submit the filing fees or establish evidence of indigency, the Court will then determine whether he has sufficiently pleaded facts establishing the Court's jurisdiction over this case. In this regard, the Court notes that Plaintiff's Complaint does not appear to allege a basis for subject matter jurisdiction in this Court. Although the Complaint invokes "[f]ederal [q]uestion" jurisdiction,[3] (Complaint ("Compl."), Dkt. 1, at ECF 2), it alleges "patient profiling," "racial discrimination," "wanton disregard," and "[d]ereliction of duty in medicine," and specifically states:

> Dr. Ingber has recently refused to prescribe my medication, citing reasons that I believe [are] rooted in the ongoing conflict between Muslims and Jews in Israel. This refusal feels like a form of retaliation and racial discrimination, as I have noticed a pattern of African American patients facing difficulties in this office while the predominantly Jewish patients seem to have no complaints.

(Compl., Dkt. 1, at ECF 2, 5.) The Complaint, however, does not suggest any basis for a federal court's subject matter jurisdiction over claims that a private medical professional failed to prescribe medication allegedly based on the patient's race or religion. Plaintiff is advised that, as currently drafted, the Court would likely have to dismiss the Complaint, finding that no basis for subject matter jurisdiction has been alleged. *See* Fed. R. Civ. P. 12(h)(3); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). Although the Court would give Plaintiff the opportunity to file an amended complaint for the purpose of establishing federal court jurisdiction, if he can, Plaintiff might wish to make those changes before re-filing his complaint with the required $402 filing fee, if he chooses to do so.

---

[3] Plaintiff's Complaint is a form complaint, in which he checked off the box for "Federal Question," instead of the box for "Diversity of Citizenship," as the basis for jurisdiction. (*Id.*)

3

Plaintiff may wish to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, limited-scope legal assistance, in deciding how to proceed.

## CONCLUSION

Accordingly, Plaintiff's IFP application is denied. The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 11, 2023
       Brooklyn, New York